UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES P. TANK, Jr.,

    Plaintiff,

v.

Case No.  1:15-CV-900

HON. ROBERT J. JONKER

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant,

    _____/

## OPINION

This is a social security action brought under 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner).  Plaintiff James Tank seeks review of the Commissioner's decision denying his claim for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act.

### STANDARD OF REVIEW

The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision.  *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).  The Court may not conduct a *de novo* review of the case, resolve evidentiary conflicts, or decide questions of credibility.  *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).  It is the Commissioner who is charged with finding the

facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever evidence in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was forty-four years of age on the date of the Administrative Law Judge's (ALJ) decision. (PageID.54, 107, 116.) He obtained a high school education, and was previously employed as a laser beam machine operator, production machine tender, sorter, and forklift operator. (PageID.80, 86.) Plaintiff applied for benefits on March 26, 2012, alleging that he had been disabled since December 31, 2008, due to spina bifida, back pain, arthritis, osteoporosis, degenerative bone disease, colostomy, and urostomy. (PageID.107, 116, 204–221.) Plaintiff's applications were denied

on June 21, 2012, after which time he requested a hearing before an ALJ. (PageID.130–143.) On May 23, 2014, Plaintiff appeared with his counsel before ALJ James Prothro for an administrative hearing with testimony offered by Plaintiff and a vocational expert (VE). (PageID.73–105.) In a written decision dated August 1, 2014, the ALJ determined that Plaintiff was not disabled. (PageID.54–72.) On July 9, 2015, the Appeals Council declined to review the ALJ's decision, making it the Commissioner's final decision in the matter. (PageID.47–51.) Plaintiff subsequently initiated this action under 42 U.S.C. § 405(g).

## ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining the claimant's residual functional capacity (RFC). *See* 20 C.F.R. §§ 404.1545, 416.945.

---

[1]
1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. § 404.1520(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. § 404.1520(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. § 404.1520(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. § 404.1520(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed. (20 C.F.R. § 404.1520(f)).

Plaintiff has the burden of proving the existence and severity of limitations caused by his impairments and that he is precluded from performing past relevant work through step four. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). At step five, it is the Commissioner's burden "to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.*

ALJ Prothro determined Plaintiff's claim failed at the fourth step of the evaluation. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. (PageID.59.) At step two, the ALJ determined Plaintiff had the following severe impairments: (1) history of spina bifida and lumbar pain; (2) status-post ventricular-peritoneal shunt; (3) status-post colostomy and urostomy; (4) history of renal failure (status-post right kidney transplant in 2002); (5) history of recurrent kidney infections; (6) hypertension; (7) obesity; and (8) gastroesophageal reflux disease (GERD). (PageID.59–60.) At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments. (PageID.60–63.) At the fourth step, the ALJ found that Plaintiff retained the RFC based on all the impairments:

> to perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can only occasionally do climbing and balancing and must avoid concentrated exposure to hazards, such as unprotected heights and dangerous machinery.

(PageID.63.) Continuing with the fourth step, the ALJ determined that Plaintiff able to perform his past relevant work as a laser beam machine operator as it is typically performed. (PageID.65–66.) The ALJ based this conclusion on testimony given by the VE at the hearing. (PageID.100–101.) Having made his determination at step four, the ALJ was not required to go further, however the ALJ

4

also included an alternative fifth step finding that other jobs exist in significant numbers in the national economy. The ALJ again based this finding on the VE's testimony. In response to the ALJ's questioning, the VE testified that Plaintiff could perform the following work: machine tender (7,800 Michigan jobs), light assembler (14,000 Michigan jobs), and packager (6,300 Michigan jobs). (PageID.101.) Based on this record, the ALJ found that Plaintiff was capable of making a successful adjustment to work that exists in significant numbers in the national economy. (PageID.67.)

Accordingly, the ALJ concluded that Plaintiff was not disabled at any point from his alleged onset date through the date of decision. (PageID.67.)

## DISCUSSION

### 1. The ALJ's Credibility Decision is Not Supported By Substantial Evidence.

At the administrative hearing, Plaintiff testified that he was impaired to an extent greater than that recognized by the ALJ. Among other things, Plaintiff testified that due to his failing kidneys, he experienced increasing fatigue and would take daily naps, lasting between two to three hours. (PageID.92, 94.) The ALJ found Plaintiff's allegations to be "not entirely credible." (PageID.64.) Plaintiff claims the ALJ erred in doing so.

As the Sixth Circuit has long recognized, "pain alone, if the result of a medical impairment, may be severe enough to constitute disability." *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984); *see also Grecol v. Halter*, 46 F. App'x 773, 775 (6th Cir. 2002). As the relevant Social Security regulations make clear, however, a claimant's "statements about [his] pain or other symptoms will not alone establish that [he is] disabled." 20 C.F.R. §§ 404.1529(a), 416.929(a); *see also Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997) (quoting 20 C.F.R.

5

§ 404.1529(a)); *Hash v. Comm'r of Soc. Sec.*, 309 F. App'x 981, 989 (6th Cir. 2009). Instead, a claimant's assertions of disabling pain and limitation are evaluated under the following standard:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Walters*, 127 F.3d at 531 (citations omitted). This standard is often referred to as the *Duncan* standard. *See Workman v. Comm'r of Soc. Sec.*, 105 F. App'x 794, 801 (6th Cir. 2004).

Accordingly, "subjective complaints may support a finding of disability only where objective medical evidence confirms the severity of the alleged symptoms." *Id.* (citing *Blankenship v. Bowen*, 874 F.2d 1116, 1123 (6th Cir. 1989)). However, where the objective medical evidence fails to confirm the severity of a claimant's subjective allegations, the ALJ "has the power and discretion to weigh all of the evidence and to resolve the significant conflicts in the administrative record." *Id.* (citing *Walters*, 127 F.3d at 531).

In this respect, it is recognized that the ALJ's credibility assessment "must be accorded great weight and deference." *Id.* (citing *Walters*, 127 F.3d at 531); *see also Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 536 (6th Cir. 2001) ("[i]t is for the [Commissioner] and his examiner, as the fact-finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony"). It is not for this Court to reevaluate such evidence anew, and so long as the ALJ's determination is supported by substantial evidence, it must stand. The ALJ found Plaintiff's subjective allegations to not be fully credible, a finding that should not be lightly disregarded. *See Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 780 (6th Cir. 1987). In fact, as the Sixth

Circuit has stated, "[w]e have held that an administrative law judge's credibility findings are virtually unchallengeable." *Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 511 (6th Cir. 2013) (citation omitted).

Plaintiff's sole claim of error is that the ALJ "overemphasized" his daily activities in discounting his credibility. (PageID.667.) The Commissioner argues that there was "no showing that the ALJ equated Plaintiff's ability to perform daily activities with an ability to perform full-time work." (PageID.675–676.) But that is exactly what the ALJ did:

> *The claimant's daily activities reflect an ability to do at least a limited range of light work on a sustained basis.* The claimant acknowledged at the hearing that he has used colostomy and urostomy bags since childhood and that he worked with the colostomy and urostomy bags. He testified additionally that he picked up around the house, mopped, swept, drove, went shopping, watched television, worked with a computer, attended church services, and visited with family and friends. He has also reported that he has been able to prepare meals, wash the dishes, handle financial matters, and care for his personal needs (3E; 5E).

(PageID.64) (emphasis added.) As Plaintiff further observes, the fact that he can perform these activities in no way demonstrates that he can perform the assigned RFC without needing to take naps throughout the day. (PageID.667.)

True, as the Commissioner points out, a plaintiff's daily activities may be used to find a claimant not to be credible. *See* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007); *Walters*, 127 F.3d 525, 532 (6th Cir. 1997) ("An ALJ may also consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments."); *Blacha v. Sec'y of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990) ("As a matter of law, an ALJ may consider household and social activities in evaluating complaints of disabling pain."). It may well be that these activities are inconsistent

7

with Plaintiff's reports of fatigue. But that is not what the ALJ found here. Instead, the ALJ determined that Plaintiff's ability to perform these "somewhat minimal" daily activities translated into an ability to perform light work. This he could not do. *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 248 (6th Cir. 2007) (finding that the plaintiff's ability to "drive, clean her apartment, care for two dogs, do laundry, read, do stretching exercises, and watch the news" were "not comparable to typical work activities").

Even though the ALJ erred, that is not the end of the analysis. Indeed, the ALJ's decision must stand so long as it is supported by substantial evidence. *See Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012) (quoting *Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) ("[s]o long as there remains substantial evidence supporting the ALJ's conclusions on credibility and the error does not negate the validity of the ALJ's ultimate credibility conclusion, such is deemed harmless and does not warrant reversal"). The Court finds the remaining reasons offered by the ALJ fail to support his ultimate credibility decision.

For example the ALJ stated that the "objective medical findings, while establishing that the claimant has severe impairments, do not support the claimant's alleged fatigue, other symptoms, and limitations to the extent that the claimant has alleged." (PageID.64.) But the ALJ fails to specifically explain why this is so. The Commissioner's brief, while providing a compelling analysis, is one which the ALJ should have undertaken in the first instance. An ALJ "must articulate, at some minimum level, his analysis of the evidence to allow the appellate court to trace the path of his reasoning." *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). The ALJ has not done so here.

Finally, it appears the ALJ also discounted the Plaintiff's credibility on the grounds that Plaintiff's treatment was conservative, and was not currently on a kidney transplant list. It is not apparent, however, why the fact that Plaintiff is not currently on a transplant list should discount his complaints of fatigue especially since, as the ALJ admits, the record shows Plaintiff's kidney function is deteriorating. (PageID.64.)   Moreover, the Court does not find Plaintiff's treatment history to be sufficient to support the ALJ's ultimate credibility decision.  Plaintiff has required one kidney transplant already, and his physician, Dr. Fu Lung Luan, has indicated he may need one again in the future.  (PageID.644.)  If anything, this tends to support Plaintiff's complaints.

In sum, the Court finds the ALJ's credibility discussion to be unsupported by substantial evidence.  On remand, the Commissioner is directed to reevaluate Plaintiff's complaints of fatigue.

### 2. Remand is Appropriate.

Plaintiff asks for an award of benefits.  (PageID.668.)  While the Court finds that the ALJ's decision fails to comply with the relevant legal standards, Plaintiff can be awarded benefits only if "all essential factual issues have been resolved" and "the record adequately establishes his entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Brooks v. Comm'r of Soc. Sec.*, 531 F. App'x 636, 644 (6th Cir. 2013).  This latter requirement is satisfied "where the proof of disability is overwhelming or where proof of disability is strong and evidence to the contrary is lacking." *Faucher*, 17 F.3d at 176; *see also Brooks*, 531 F. App'x at 644.  This case is being remanded because the ALJ's credibility analysis is flawed, not because there is compelling evidence that Plaintiff is disabled.  Accordingly, this matter must be remanded for further administrative action.

## CONCLUSION

For the reasons articulated herein, the undersigned concludes that the ALJ's decision is not supported by substantial evidence. Accordingly, the Commissioner's decision will be **REVERSED** and this matter is **REMANDED** for further factual proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner should re-evaluate Plaintiff's credibility and, if Plaintiff is found not to be credible, provide reasons why this is so.


Dated:      September 19, 2016            /s/ Robert J. Jonker
                                          ROBERT J. JONKER
                                          CHIEF UNITED STATES DISTRICT JUDGE